UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER FERRARO,
MICHELE FERRARO, and
RON REALE, d/b/a Power of Attorney
Advocates,

                              Plaintiffs,


        -against-                                              1:08-CV-0778 (LEK/ RFT)

REALTY USA, et al.,

                              Defendants.

_____

## DECISION AND ORDER

Currently before the Court is Plaintiffs' Motion for a Preliminary Injunction pursuant to

Federal Rules of Civil Procedure 65.  Motion (Dkt. No. 120).  Plaintiffs Christopher Ferraro,

Michelle Ferraro and Ron Reale ("Plaintiffs") are seeking to restrain and enjoin Defendants from

the foreclosure, sale, or auction of any property now in controversy as set forth in Plaintiffs'

Complaint.  Id.  Plaintiffs' Motion for a Preliminary Injunction is denied.  Additionally, Plaintiffs'

are liable for sanction, in the form of attorneys' fees incurred by Defense counsel who appeared in

Court on April 22, 2009.

## I.      Background

On April 17, 2008, Plaintiffs commenced this action *pro se*, alleging various violations of

the Racketeer Influenced and Corrupt Organizations Act ("RICO"), as codified at 18 U.S.C. § 1961

et seq., violations of the Truth in Lending Act, as codified at 18 U.S.C. § 1601 et. seq., violations of

18 U.S.C. § 1341, violations of 18 U.S.C. § 1343 and violations of unspecified New York banking

and lending laws.  See Compl. (Dkt. No. 1).

This action arises out of Plaintiffs' purchase of ten properties between June and December 2006.  Id.  Plaintiffs entered into a partnership to purchase the properties, and obtained mortgages to finance the purchases of all ten properties, several of which are now in foreclosure.  Id.  Plaintiffs allege that Defendants were lenders, serviced mortgages, or purchased mortgages on the secondary market.  Id.

On February 2, 2009, Plaintiffs filed an Order to Show Cause seeking a Temporary Restraining Order.  Order to Show Cause (Dkt. No. 120).  The Order to Show Cause originally arose out of the impending sale on February 4, 2009 by public auction of one of the properties at issue in this Complaint: 1071 Wendell Avenue, Schenectady, NY ("1071 Wendell").  Id.  This Court denied the Order to Show Cause and further ordered that Plaintiffs' Order to Show Cause for a Preliminary Injunction should be construed as a Motion for a Preliminary Injunction.  Dkt. No. 121.  The Court also granted Plaintiffs' request and ordered a hearing on this issue.  Id.; Dkt. No. 120.  1071 Wendell was sold at public auction as scheduled.  Dkt. No. 121; Cornish Decl. ¶ 9.

In accordance with this Court's February 2, 2009 Order, Plaintiffs filed their Memorandum of law in support of their Motion for a Preliminary Injunction on March 23, 2009.  Dkt. No. 125. Five Responses in opposition to Plaintiffs' Motion for a Preliminary Injunction were filed by various Defendants.  See Dkt. Nos. 128, 130, 131, 132, 135.

On April 7, 2009, Plaintiffs filed another Motion for a temporary restraining order to enjoin the sale of two properties located at 133 Second Avenue, Troy, NY 12180 ("133 Second") and 817 River Street, Troy, NY 12090 ("817 River"), at public auction on April 17, 2009 and April 21, 2009, respectively.  Dkt. No. 138.  This Court denied that Motion.  Dkt. No. 139.

2

On April 22, 2009, at Plaintiffs' request, this Court held oral arguments on Plaintiff's

Motion for a Preliminary Injunction.  Dkt. No. 146.  Five attorneys for various Defendants appeared

in Court.  Id.  Plaintiffs, however, failed to appear.  Id.

**II.     Discussion**

   **A.     Preliminary Injunction**

      **1.     Preliminary Injunction Standard**

The Second Circuit has stated that "[a] party seeking injunctive relief ordinarily must show:

(a) that it will suffer irreparable harm in the absence of an injunction and (b) either (I) a likelihood

of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair

ground for litigation and a balance of hardship tipping decidedly in the movant's favor."  Tom

Doherty Assoc., Inc. v. Saban Entm't, 60 F.3d 27, 33 (2d Cir. 1995).   "Such relief . . . is an

extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear

showing, carries the burden of persuasion."  Moore v. Consolidated Edison Co. of New York, Inc .,

409 F.3d 506, 510-511 (2d Cir. 2005).  "Where there is an adequate remedy at law, such as an

award of money damages, injunctions are unavailable except in extraordinary circumstances."  Id.

(citing Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381 (1992)).  Furthermore, "[a]

decision to grant or deny a preliminary injunction is committed to the discretion of the district

court."  Polymer Techn. Corp. v. Mimran, 37 F.3d 74, 78 (2d Cir. 1994).

      **2.     Application of Standard**

Plaintiffs allege that they will suffer immediate irreparable harm unless the Court grants a

Preliminary Injunction

      enjoining the foreclosure, sale or auction of any of the properties listed in the plaintiff(s)

3

> [sic] Federal RICO Complaint . . . and the further return of the property (replevin)
> referred to as the Wendell property and/or enjoining the defendant from the final sale
> if a closing on the property has not been finalized.

Motion ¶¶ 23-24.  Despite Plaintiffs' conclusory assertions, however, Plaintiffs have failed to

specify how the sale of that property would cause them irreparable injury.  Plaintiffs have failed to

show how monetary damages would not render them whole, if they were to ultimately succeed on

the merits.  Plaintiffs, themselves, concede that the properties in question are investment properties,

not personal homes.  Compl. ¶59.  In the event that any or all of these properties are ever foreclosed

and this Court later determines that these foreclosures were improper, Plaintiffs have not proffered

nor is it clear to this Court why money damages would not be adequate compensation.  See Pac.

Elec. Wire & Cable Co. v. Set Top Int'l Inc., 04 Civ. 9623, 2004 U.S. Dist. LEXIS 3400 (S.D.N.Y.

January 20, 2004) (no irreparable harm shown upon foreclosure sale of controlling corporate shares

securing loan).  Accordingly, Plaintiffs have failed to show that they would suffer irreparable harm

in the absence of an injunction, a necessary requirement to warrant injunctive relief.

     Plaintiffs have also failed to meet their burden of persuasion regarding the underlying merits

of this case or sufficiently serious questions going to the merits and the balance of hardships tipping

in their favor.  Plaintiffs assert claims for relief in the Complaint under 18 U.S.C. §1962 (c), 18

U.S.C. § 1962 (d), 18 U.S.C. § 1341, 18 U.S.C. § 1343,  15 U.S.C. § 1601, and various unspecified

New York banking and lending laws.  See generally Compl.  Although this Court recognizes that

Plaintiffs are pro se litigants and therefore this Court follows the Second Circuit's instructions and

construes the pleadings "liberally," this Court still does not find that Plaintiffs have met their

burden. Phillips v. Girdich, 408 F.3d 124, 127-28 (2d Cir. 2005).

     The Court has examined all of the evidence presented in relation to each of the grounds

4

Plaintiffs assert in support of the present Motion.  Since Plaintiffs have not sufficiently substantiated their specific allegations against Defendants, this Court is not persuaded that Plaintiffs are likely to succeed on the merits in this case.  For these same reasons, the Court is not persuaded that there are "sufficiently serious questions going to the merits to make them a fair grounds for litigation."  Tom Doherty Assocs., 60 F.3d at 33.

Further, with respect to 1071 Wendell, and, possibly, 133 Second and 817 River, Plaintiffs' Motion is moot.  "The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits."  Tom Doherty Assocs., 60 F.3d at 34.  Since 1071 Wendell was sold at public auction and 133 Second and 817 River may have been sold prior to the April 22, 2009 hearing, the portion of Plaintiffs' Motion seeking to enjoin the sale, auction, or foreclosure of these properties is moot.

Accordingly, Plaintiffs' Motion for a Preliminary Injunction is denied.

**B.      Sanctions**

At the hearing on Plaintiffs' Motion for Preliminary Injunction on April 22, 2009, at which Plaintiffs failed to appear, the Defense attorneys present requested that Plaintiffs be sanctioned for attorneys fees and expenses incurred.  Dkt. No. 146.  This Court grants this request to those attorneys who entered their appearances on the record on April 22, 2009.  See Chambers v. NASCO, Inc., 502 U.S. 32, 46 (1991) (holding that federal courts have the inherent power to sanction "a full range of litigation abuses").

**III.   Conclusion**

Accordingly, it is hereby

**ORDERED**, that Plaintiffs' Motion for a Preliminary Injunction (Dkt. No. 120) is

5

**DENIED**; and it is further

ORDERED, that Defendants' request for attorneys' fees and expenses incurred is

**GRANTED** upon submission of documentation supporting this request within **twenty (20) days of**

**the date of this Order**; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED**.

DATED:      April 23, 2009
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

6